UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
 GIZELE NICOLE ROBINSON ,                                   :    **MEMORANDUM**
                                                            :    **DECISION AND ORDER**
                              Plaintiff,                    :
                                                            :    16-cv-2972 (BMC)
              - against -                                   :
                                                            :
I.C. SYSTEM, INC. ,                                         :
                                                            :
                              Defendant.                    :
----------------------------------------------------------- X

**COGAN**, District Judge.

Plaintiff brings this action under the Fair Debt Collections Practices Act ("FDCPA"), specifically, 15 U.S.C. § 1692(e)(10).[1] It is before me on the parties' cross-motions for summary judgment. Plaintiff has set forth no viable basis for recovery under the statute. Defendant's motion is granted; plaintiff's is denied.

## BACKGROUND

The facts are simple and undisputed. Plaintiff hired a credit counseling service, called Asset Protection and Management, Inc. ("APM"), to help her handle her debts. She gave APM a limited power of attorney ("POA"), in a form drafted by APM, so that it would be authorized to talk to her creditors on her behalf. APM faxed a copy of the POA to defendant IC System, Inc. ("ICS"), which had been attempting to collect an approximately $1700 debt that Con Edison claimed plaintiff owed. The same day that it received the POA, ICS put a "freeze" on the account and undertook no further collection efforts.

---

[1] Plaintiff's complaint also cited to 15 U.S.C. § 1692f, but no mention of that statute is made in her motion.

About eight days after faxing the POA to ICS, an APM representative ("Ms. Espinal") telephoned ICS. Ms. Espinal did not tell the ICS representative that APM had faxed ICS the POA, and the ICS representative to whom she spoke did not know that it had. In response to Ms. Espinal's questions, the ICS representative confirmed the balance of the debt and plaintiff's address as the debtor. However, when Ms. Espinal advised the ICS representative that plaintiff wanted to dispute the debt, the ICS representative replied that she needed to hear that from plaintiff. When the ICS representative asked if there was any way to have plaintiff join the call to confirm that she wanted to dispute the debt, Ms. Espinal said that there was not, but that she would let plaintiff know that she had to call ICS herself. That ended the call.

## DISCUSSION

Plaintiff's theory of this case is far from clear. She relies exclusively on Clark v. Absolute Collection Service, Inc., 741 F.3d 487 (4th Cir. 2014), which holds that, under 15 U.S.C. § 1692g(a)(3), a debt collector may not require a debtor to dispute a debt in writing and must accept oral disputes. If I put aside the fact that plaintiff is not relying on the provision of the statute that was at issue in Clark, plaintiff appears to be contending that the refusal of the ICS representative to mark the debt as "disputed" constituted a "false and misleading" representation under 15 U.S.C. § 1692e(10) because, in effect, the ICS representative was refusing to accept an oral dispute and was imposing a requirement that plaintiff complain in writing.

I think not. I see nothing in the conversation suggesting or implying in any way that plaintiff had to submit a written dispute. To the contrary, the ICS representative was quite willing to accept a verbal dispute. She simply wanted to make sure it was a verbal dispute from the consumer, not some self-appointed intermeddler. This seems prudent given that the FDCPA places severe restrictions on the ability of the debt collector to communicate about the debt with

2

third parties.  See 15 U.S.C. § 1692c(b).  So to the extent plaintiff's argument is based on Clark, and it appears to be entirely based on Clark as no other case is discussed or even cited, it fails.

Plaintiff may have a better argument that having received the written POA advising that APM was her attorney in fact, ICS should have treated Ms. Espinal as if she were plaintiff. Section 1692c(b) authorizes a debt collector to speak to a debtor's attorney, and it does not distinguish between an attorney at law and an attorney in fact, i.e., one appointed pursuant to a power of attorney.  Indeed, there is a decision holding that a debt collector did not violate the FDCPA when it discussed a debt with a credit counseling service, which the debtor had given a power of attorney, even though neither the debtor nor the credit counseling service had given the power of attorney to the debt collector.  West v. Abendroth & Russell Law Firm, 445 F. Supp. 3d 959 (N. D. Iowa 2014).

Not holding a debt collector liable for speaking to the holder of a power of attorney, however, is not necessarily the same as imposing liability for declining to speak to that holder. And aside from the fact that plaintiff has not made this argument, Ms. Espinal never advised the ICS representative that APM had faxed ICS a POA appointing it as plaintiff's attorney in fact; this case might come out differently if she had.  But I have found no case finding an FDCPA violation for failing to recognize a POA, let alone one where the attorney in fact did not even tell the debt collector that she was the attorney in fact.  I decline to extend the FDCPA to reach an issue that plaintiff has not put before me.

Finally, plaintiff's motion appears to raise a claim under New York General Obligations Law § 5-1504, which requires recognition of statutorily conforming powers of attorney.  The complaint invokes "pendent" jurisdiction under 28 U.S.C. § 1367(a) "[i]f applicable", although no separate claim is stated under the General Obligations Law.  Defendant contends that the form

granting APM power of attorney, which was delivered to ICS, does not conform to the requirements of the General Obligations Law, and thus is not entitled to recognition under that statute.

No matter. The statute provides that enforcement is exclusively by special proceeding, i.e., a proceeding akin to mandamus to compel the institution to accept the power of attorney; there is no action for damages. See N.Y. Gen. Oblig. L. §§ 5-1504(2); 5-1510. And, again, if plaintiff wanted to assert that the failure to honor the POA constitutes an FDCPA violation, she has not articulated such a theory.

## CONCLUSION

Defendant's motion for summary judgment is granted. Plaintiff's motion for summary judgment is denied. The Clerk is directed to enter judgment, dismissing the complaint.

**SO ORDERED.**

                                                                   _____
                                                                          U.S.D.J.

Dated: Brooklyn, New York
        November 1, 2016